RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9/12/08
68

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| THOMAS ANTHONY DEVILLE<br>Fed. Reg. No. 10282-035<br>VS. | DOCKET NO. 6:98-cr-60049-15<br>SECTION P |
| UNITED STATES OF AMERICA | CHIEF JUDGE HAIK |

### *MEMORANDUM ORDER*

Thomas Anthony Deville, proceeding *pro se*, filed the instant Motion to Vacate pursuant to 28 U.S.C. §2255 on August 28, 2002. When he filed this Motion, petitioner was an inmate in the custody of the Federal Bureau of Prisons serving sentences imposed following his 1999 drug and firearms convictions; he was released from BOP's physical custody on November 14, 2006,[1] but he remains on supervised release. This collateral attack on petitioner's 1999 convictions has been served on the government and the government has responded. For the following reasons it is ordered that the Motion be **DISMISSED WITH PREJUDICE.**

### *Background*

Deville was charged in a four count indictment with conspiracy to distribute and possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846; possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D); interstate travel in aid of illegal activity in violation of 18 U.S.C. § 1952(a)(3) and, carrying and possessing a firearm during, in relation to, and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). [rec. doc. 360] On February 16, 2000, the jury found him guilty as

---

[1] See Federal Bureau of Prisons, Inmate Locator Service at
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=10282-035&x=98&y=13

charged. [rec. doc. 386] His motion for acquittal [rec. doc. 388]was granted as to the firearms charge [rec. doc. 474] and he was sentenced to serve concurrent sentences totaling 33 months imprisonment followed by a 3 year term of supervised release. [rec. docs. 477 and 478]

The government appealed the ruling on the motion for acquittal; Deville appealed the two level increase of his sentencing guidelines score based on the court's determination that Deville used his position as Duson's Chief of Police to facilitate his criminal activity and thus "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense..." [See U.S.S.G. §3B1.3] On January 7, 2002, the Fifth Circuit Court of Appeals reversed the judgment on the motion for acquittal but affirmed the two-level increase in the sentence. *United States v. Deville*, 278 F.3d 500 (5th Cir. 2002). [see also rec. doc. 541] The case was remanded for sentencing on the firearms charge.

On June 26, 2002 Deville was re-sentenced in accordance with the Fifth Circuit's mandate. He was ordered to serve 60 months imprisonment on the firearms charge; this sentence was ordered to be served consecutive to the previous sentences. [rec. docs. 546-547]

Deville did not appeal this sentence, nor did he seek further direct review in the United States Supreme Court. On August 28, 2002 he filed the instant *pro se* Motion to Vacate pursuant to §2255 raising the following grounds for relief: (1) conviction obtained by a violation of the privilege against self-incrimination; (2) purposefully inaccurate statement by a government agent and the failure of the prosecution to disclose favorable evidence; (3) ineffective assistance of appellate counsel; (4) ineffective assistance of post-conviction counsel; (5) failure of counsel to seek a change of venue; and, (6) FBI agents presented testimony based on false assumptions, etc.; (7) improper use of government informant. [rec. doc. 553] In due course, the United States

Magistrate Judge directed service of the Motion on the government. [rec. doc. 554] On October 25, 2002, the government answered the motion. [rec. doc. 560] On March 19, 2003 Deville filed a *pro se* motion to amend or supplement his §2255 motion [rec. doc. 566]; on March 28, 2003, that motion was denied as untimely. [rec. doc. 568]

*Law and Analysis*

*1. Scope of Review*

A federal prisoner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 on one or more of the following grounds: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. den.*, 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The § 2255 relief available through the district court of conviction is commensurate or consistent with that of the traditional writ of *habeas corpus* which typically was filed in the court having jurisdiction over the petitioner's custodian. *Cates*, 952 F.2d at 151, citing *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct., 468, 470-71, 7 L.Ed.2d 417 (1962); also, *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992), citing *United States v. Capua*, 656 F.2d

1033, 1037 (5th Cir. 1981); see also, *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir.1995).

In short, the remedy provided through collateral challenge process of §2255 is no substitute for an appeal. After conviction and exhaustion and waiver of any right to appeal, federal courts are "... entitled to presume that [the defendant] stands fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991), *cert. den.*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982). A defendant may not raise a Constitutional issue for the first time on collateral review without showing both cause for his procedural default, actual prejudice resulting from the error, or "actual innocence" that would render the showing of cause and prejudice unnecessary. *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir.1995), citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) *(en banc)*, *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992); See also *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir.1991). Moreover, a prisoner who shows only the possibility of prejudice without demonstrating cause for his failure to raise the error at trial or on direct appeal, may not obtain collateral relief under § 2255. *United States v. Shaid*, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. If the petitioner cannot show cause, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d

397 (1986).

## 2. Grounds for Relief

### a. Violation of the Fifth Amendment's privilege against self incrimination

In support of his first ground for relief, Deville argues, "During the investigation, even though I had become a suspect in which I was asked to give oral statements transcribed by government agents, I did not have my rights read to me until after I was arrested by the Louisiana State Police." [rec. doc. 553, ¶12(A)]

Deville raised this issue at trial as an oral motion to suppress; the court conducted a hearing and denied relief based on the clear and uncontroverted evidence that the complained of "interrogation" was not a custodial interrogation since Deville was not in custody or otherwise restrained (or threatened with constraint) by the government's agents. [Trial Transcript, Vol. 1, p. 287] The issue was not raised on appeal.

As noted above, Deville may not raise a Constitutional issue for the first time on collateral review without showing both cause for his procedural default, actual prejudice resulting from the error, or "actual innocence" that would render the showing of cause and prejudice unnecessary. *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir.1995), citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992); See also *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir.1991). In a separate ground for relief [see Ground Three] Deville implies that his court-appointed counsel's failure to raise this claim for relief on appeal provides the "cause" for his default.

As noted above, the trial judge denied Deville's motion to quash having found that the

statements at issue were given in a non-custodial setting. Deville has neither alleged nor demonstrated that this finding of fact was erroneous.[2]

In *Miranda v. Arizona*, 384 U.S. 436, 467-68, 86 S.Ct. 1602, 1624, 16 L.Ed.2d 694 (1966), the Supreme Court held that in order to combat the pressures of in-custody interrogation and to permit a detainee to exercise his privilege against self-incrimination, the detainee must be adequately and effectively advised of his rights and the exercise of those rights by the detainee must be scrupulously honored. The Court further defined "custodial interrogation" to mean "... questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S., at 444, 86 S.Ct., at 1612 (footnote omitted).

Thereafter, the courts have made it clear the police authorities are required to give *Miranda* warnings only "where there has been such a restriction on a person's freedom as to render him 'in custody.'" *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977). See also, *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (citations omitted).

Thus, the trial court did not err when it determined that *Miranda* warnings were unnecessary in this instance since Deville was not in custody. Likewise, counsel's failure to argue this claim on appeal does not amount to cause for the default since the failure of counsel to raise meritless and futile objections does not constitute ineffective assistance of counsel. *Clark v.*

---

[2] The transcript of the Motion to Suppress [Trial Transcript, Vol 1, pp. 235-288] supports this finding. FBI Agent Richardson testified that DeVille was not in custody or under arrest at the time he made the statements in question; his testimony was corroborated by Louisiana State Trooper Dirk Bergeron. Deville offered NO testimony to the contrary.

*Collins*, 19 F.3d 959, 966 (5th Cir.1994); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990) (citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir.1984) (per curiam)). Finally, in light of the foregoing findings of fact and legal conclusions, Deville cannot show prejudice even if he can establish cause for the default since he has not demonstrated that the Fifth Circuit's assessment of this issue would have been any different than that of the trial court.

In short, Ground One is procedurally defaulted and Deville has failed to show cause and prejudice for his default.

### b. *Purposeful inaccuracies in statement/ Failure to disclose favorable evidence*

In support of Grounds Two and Six, which are virtually identical, Deville, who claims that he is unable to read or write, maintains that the FBI agent who transcribed his oral statement supplied additional false information without Deville's approval, and, he claims that these false statements were introduced as evidence at trial.

These claims are not cognizable in this §2255 Motion because Deville did not raise the claims either at trial or on appeal. (As is shown below, however, he argues ineffective assistance of counsel as the cause for this default. His showing of cause is insufficient.)

### c. *Ineffective Assistance of Appellate Counsel*

Whether viewed as a substantive claim for relief, or as cause for the default noted above, plaintiff's claim of ineffective assistance of counsel is not supported by the trial record. Deville now claims that FBI Agent Richardson added false information to the inculpatory statements discussed above. As noted by the government, Agent Richardson and Trooper Bergeron were examined and cross-examined extensively on this issue and no evidence was submitted to suggest, much less establish, that the statement transcribed by Agent Richardson varied in any

significant way from the oral statement given by Deville.[3]

In short, other than Deville's self-serving statements concerning the inaccuracies in his written statement, there is no evidence of record to support the claim that Agent Richardson fabricated any part of the statement.

In order to establish his claim of ineffective assistance of counsel based on counsel's failure to "zealously ... assert [the] government's allegations as perhaps falsified..." Deville must show that counsel's failure to make such an assertion amounted to deficient performance. Since the record is devoid of any evidence to contradict the statements of Agent Richardson and Trooper Bergeron, counsel cannot be faulted for failing to raise a claim unsupported by the record.

### d. Court-appointed Counsel refused to file §2255 Motion.

Deville maintains that he is entitled to relief because his court-appointed counsel refused to file a §2255 Motion on his behalf. This claim is manifestly without merit since criminal defendants do not have a constitutional right to counsel in post-conviction proceedings. *Irving v. Hargett*, 59 F.3d 23 (5th Cir. 1995).

### e. Failure to Seek Change of Venue

---

[3] See Trial Transcript, Vol 1, p. 246, Agent Richardson testified as follows: "We talked awhile about – at the beginning of the interview. I asked him if he could read and write. He said that he could read and write, but he didn't spell too well... We talked about the trip to Texas, I told him that I was going to reduce it to writing.

I reduced the statement to writing. I read it back to him paragraph by paragraph. After the statement was done, I told him to – asked him to read back over the statement, make any changes that he wanted to because that was his statement. He said that would be fine. He – I think he put on a pair of glasses, read the statement, initialed each page and the corrections, an signed the statement and dated it."

Elsewhere, counsel extensively cross-examined Agent Richardson who repeatedly denied the implication that he falsified Deville's statement. [See Transcript of Trial Proceedings, 2/15/00 at pp. 21, 24-26, 160-162]

Deville also argues that counsel was ineffective when he failed to seek a change of venue. In order to prevail on such a claim, a post-conviction petitioner must allege specific facts indicating that the jury was biased or that community feeling was so great that it must have influenced the jury. See *Smith v. Puckett*, 907 F.2d 581 (5th Cir. 1990). Deville merely alleged that by virtue of his position as former Chief of Police, his was a "high profile case." Such conclusory allegations are insufficient to establish ineffective assistance of counsel.

### g. Use of an unreliable witness

Finally, Deville argues that the testimony of one of the government's witnesses was false and the witness admitted to having previously perjured himself on other occasions. Deville did not raise this claim at trial or on appeal and therefore he is foreclosed from raising it in this proceeding.

Further, in order to prevail on such a claim, a post-conviction petitioner must establish that (1) the testimony in question was false, (2) that the prosecution knew it to be false, and, (3) that the perjured testimony was material. *United States v. Grosz*, 76 F.3d 1318 (5th Cir. 1996) Deville offers nothing to establish that the complained of testimony was false.

### h. Conclusion

Deville's claims for relief should have been raised either at trial or in his appeal, but were not. Further, Deville, claims of ineffective assistance of counsel are without merit. Finally, Deville's claim that ineffective assistance of counsel were the cause of his defaults is not supported by the record. Deville has shown neither cause nor prejudice for his failure to raise those claims on appeal. Therefore,

**IT IS ORDERED** that Deville's motion pursuant to 28 U.S.C. § 2255 (rec. doc. 553) be and is hereby **DENIED**.

In Chambers, Lafayette, Louisiana ___Sept 12th___, 2008.

---
**RICHARD T. HAIK, SR.**
**CHIEF JUDGE**